UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

|  |  |  |
|---|---|---|
| JOSE OVIDIO MEDINA SALGADO, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) ) ) | CIVIL ACTION NO. 2:22cv521 |
| CAROLINE DETENTION FACILITY, *et al.*, | ) ) ) ) | |
| Respondents. | ) ) | |

## REPORT AND RECOMMENDATION

Petitioner Jose Ovidio Medina Salgado ("Petitioner"), an immigration detainee, filed a *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.[1] ECF No. 2. This case was referred to the undersigned United States Magistrate Judge ("the undersigned") pursuant to 28 U.S.C. § 636(b)(1)(B)–(C) and Rule 72(b) of the Federal Rules of Civil Procedure. Because the Petitioner's claim is moot, the undersigned **RECOMMENDS** that the Respondent's Motion to Dismiss be **GRANTED** and that the Petitioner's habeas Petition be **DENIED** and **DISMISSED** as moot.

### I. STATEMENT OF THE CASE

Petitioner filed a Petition for a Writ of Habeas Corpus on December 14, 2022, seeking relief from his ongoing detention, pending deportation to his country of citizenship, El Salvador.

---

[1] Petitioner initially filed this action on March 16, 2021, seeking relief to redress alleged violations of his constitutional rights under 42 U.S.C. § 1983. *See Salgado v. Caroline Det. Facility and Dep't of Homeland Sec.*, 2:21cv145, ECF No. 1. However, because the request for relief also implicated habeas corpus, on December 14, 2022, District Judge Raymond A. Jackson issued an Order opening this case as a new 28 U.S.C. § 2241 habeas corpus action for Petitioner's claims. ECF No. 1.

ECF No. 2 at 1, 5. Petitioner argues his "removal to El Salvador does not appear to be likely in the near future and this facility is overcrowded with infected/uninfected detainees . . . ." ECF No. 2 at 2. Petitioner argues he "suffers from Chronic Care Condition, Type I Diabetes, Mellitus with Diabetic Nephropathy, and more[,]" he has been infected with COVID-19 once, and he is afraid of becoming infected again. *Id.* Furthermore, Petitioner argues he was housed with other detainees while they were infected with COVID-19 and there are continued outbreaks of COVID-19 at the detention center. *Id.* Plaintiff seeks release, damages, and a temporary restraining order to prevent being transferred elsewhere. *Id.* at 3.

In response to the Petition, Caroline Detention Facility and the Department of Homeland Security ("Respondents") filed a Motion to Dismiss, a memorandum in support, and notified Petitioner that he was able to oppose the Motion to Dismiss and the consequences of his failure to do so. ECF Nos. 6–8; *see Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). Respondent avers that Petitioner was removed from the United States to El Salvador on September 23, 2022, and is no longer in detention. ECF No. 7 at 3. Petitioner did not file a response.

## II. ANALYSIS

Article III of the U.S. Constitution limits the jurisdiction of federal courts to the adjudication of actual cases and controversies. U.S. Const. art. III, § 2, cl. 1. The requirement of an actual, ongoing controversy continues throughout the litigation. *J.W. v. Knight*, 452 F. App'x 411, 414 (4th Cir. 2011); *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975). "'[A] case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" *J.W.*, 452 F. App'x at 414 (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). Importantly, a case can also become moot due to a change in the facts or in the law. *J.W.*, 452 F. App'x at 414; *Ross v. Reed*, 719 F.2d 689, 693–94 (4th Cir. 1983).

2

In this case, the Petition is moot because there is no longer a case or controversy and there is a change in facts since Petitioner is no longer in detention. Petitioner sought to be released from detention pending his deportation to El Salvador. ECF No. 2. Petitioner was removed from the United States to El Salvador on September 23, 2022. ECF No. 7 at 3. "'Where, as here, a petitioner does not challenge the legality of his removal order but rather only seek[s] release from ICE custody pending his removal, courts have held that the petitioner's deportation or release from custody moots the petition.'" *Castillo-Fornaris v. Crawford*, No. 3:19cv862, 2020 WL 4227701, at \*2 (E. D. Va. July 23, 2020) (quoting *Diawara v. Sec'y of DHS*, No. AW-09-2512, 2010 WL 4225562, at \*2 (D. Md. Oct. 25, 2010)); *see also Ishola v. Mukasey*, No. PJM-08-1363, 2008 WL 7697071, at \*1 (D. Md. Aug. 12, 2008) (finding a petitioner's § 2241 petition seeking release from ICE custody was moot once the petitioner was released). As a result of Petitioner's release, the claims in his petition have thus been rendered moot.

There are two possible exceptions to the mootness doctrine: (1) "'collateral consequences;' and (2) [matters] 'capable of repetition, yet evading review.'" *Leonard v. Hammond*, 804 F.2d 838, 842 (4th Cir. 1986) (quoting *Carafas v. LaVallee*, 391 U.S. 234, 237 (1968)). A collateral consequence is "some concrete and continuing injury other than the now-ended incarceration . . . ." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). More specifically, collateral consequences are disabilities or burdens that stem from a petitioner's conviction even after release. *See Carafas*, 391 U.S. at 237. Neither of these exceptions apply to Petitioner's claim. The Petition solely challenges Petitioner's detention. ECF No. 2. Petitioner is no longer in custody, he has been released to El Salvador, and he does not allege an injury, disability, or burden flowing from his detention.

Additionally, although Petitioner could be returned to custody if he returned to the United

3

States, this does not mean that the wrong is "capable of repetition, yet evading review." A petitioner cannot meet his burden to show that a wrongful detention is "capable of repetition" by the mere possibility that he may be returned to custody one day. *See Incumaa v. Ozmint*, 507 F.3d 281, 288–89 (4th Cir. 2007). Accordingly, neither of the mootness doctrine exceptions apply and the Petition is moot.

## III. RECOMMENDATION

Since Petitioner has been released, his claim in this Petition is moot. Accordingly, the undersigned **RECOMMENDS** that the Respondent's Motion to Dismiss, ECF No. 6, be **GRANTED**, and that Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, ECF No. 2, be **DENIED** and **DISMISSED WITH PREJUDICE,** as moot.

## IV. REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, the parties are notified that:

1. Any party may serve upon the other party and file with the Clerk of the Court specific written objections to the above findings and recommendations within fourteen days from the date this Report and Recommendation is mailed to the objecting party, computed pursuant to Federal Rule of Civil Procedure Rule 6(a) plus three days permitted by Federal Rule of Civil Procedure Rule 6(d). A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

2. A district judge shall make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made. The parties are further notified that failure to timely file specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr*

*v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to forward a copy of this Order to the Petitioner, and counsel of record for the Respondent.

It is so **ORDERED**.

/s/
Lawrence R. Leonard
United States Magistrate Judge

Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
July 7, 2023